IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO RAMOS,

     Petitioner,               No. 2: 10-cv-0848 KJN P

    vs.

RICHARD IVES,

     Respondent.        ORDER

_____/

I. Introduction

       Petitioner, a federal prisoner proceeding without counsel, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner also claims to have brought this petition under 28 U.S.C. § 1651 (All Writs Act) as a petition for writ of error coram nobis. Both parties have consented to the jurisdiction of the undersigned. Petitioner is incarcerated at the Federal Correctional Institution in Herlong, California.

       Pending before the court is respondent's motion to dismiss filed February 4, 2011. After carefully reviewing the record, the undersigned orders that respondent's motion is granted.

////

////

////

1

II. <u>Discussion</u>

      A. <u>Background</u>

      This action is proceeding on the original petition filed April 12, 2010.  Petitioner alleges that in 2006 he was found guilty of 21 U.S.C. §§ 841(a)(1) and 846 for distributing 500 grams or more of methamphetamine. (Dkt. No. 1, at 8.)  Judge Haddon sentenced petitioner to 260 months in prison. (<u>Id.</u>)

      Although somewhat difficult to understand, petitioner appears to argue that his sentence violates due process and the Sixth and Eighth Amendments because recent Supreme Court cases have given judges improper discretion when imposing sentences under the Sentencing Reform Act ("SRA"). (<u>Id.</u>, at 5.)  Petitioner argues that he was "sentenced at a time when the court's discretion was limited and uncertain." (<u>Id.</u>, at 7.)  He states that courts have been instructed that they can "literally disregard the guidelines range and fashion sentences under 18 U.S.C. § 3553(a)." (<u>Id.</u>, at 8.)  Petitioner frames the claim raised in this action as follows:

> The SRA was enacted to install uniformity and predictability through a lock-step procedure.  The landmark ruling in <u>Booker</u>[1] uninstalled the lock-step predictable nature of the Federal Regime and left the System with indeterminate sentencing discretion.  The Supreme Court continues to hand down rulings enlarging the net of discretion rendering constitutional challenges a mere technicality...

(<u>Id.</u>, at 10-11.)

      Petitioner appears to argue that the sentencing judge abused his discretion in sentencing him to 260 months as a result of discretion afforded him by recent Supreme Court cases.  While the grounds of petitioner's claims are not entirely clear, it is clear that he is challenging the legality of his sentence.[2]

---

   [1] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

   [2] At one point, petitioner alleges that he is not complaining about the length of his sentence, but is instead "arguing that the lack of guidance involving 18 U.S.C. § 3553(a) offends the Eighth Amendment when a Court subjects a defendant to any sentence that is imposed

B. <u>Analysis</u>

Respondent argues that this action should be dismissed because it is not properly brought pursuant to 28 U.S.C. § 2241.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir. 1991); <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir.1994); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Because petitioner challenges the validity of his sentence, his claims must be raised in the court where he was sentenced, i.e. the United States District Court for the District of Montana. (Dkt. No. 15-1, at 2.)

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir. 2000); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. <u>Id.</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); <u>Moore</u>

---

without confronting the Constitution." (<u>Id.</u>, at 21.) Although petitioner claims not to be challenging the length of his sentence, he is clearly challenging the validity of his sentence.

3

1  v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (holding that the AEDPA's filing
2  limitations on § 2255 motions does not render § 2255 inadequate or ineffective); Aronson v.
3  May, 85 S. Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render §
4  2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843
5  F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears bias or unequal treatment do not render a §
6  2255 petition inadequate).  The burden is on the petitioner to show that the remedy is inadequate
7  or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

8  　　　　Assuming petitioner could proceed in this court with a § 2241 petition challenging
9  the validity of his sentence, he has failed to demonstrate that the remedy under § 2255 is
10 inadequate or ineffective, and it appears that he is attempting to use § 2241 as a substitute to §
11 2255.  The fact that petitioner has already pursued his direct appeal and a motion pursuant to 28
12 U.S.C. § 2255 does not demonstrate that the remedy available under § 2255 is inadequate.  (See
13 United States v. Ramos, 2007 WL 2409542 (9th Cir. 2007) (direct appeal); Dkt. 15-1, at 52-78
14 (section 2255 motion).)  As noted by respondent, petitioner could raise his claims in a motion for
15 reconsideration before the trial court in the District of Montana.

16 　　　　Nor has petitioner established actual innocence as he challenges the validity of his
17 sentence, not the underlying convictions. Accordingly, there is no showing "it is more likely than
18 not that no reasonable juror would have convicted him."  Accordingly, the instant petition for
19 writ of habeas corpus must be dismissed.

20 　　　　Petitioner also attempts to bring his claims pursuant to the All Writs Act and as a
21 petition for writ of error coram nobis.  Even assuming petitioner's claims were properly brought
22 in this court, a petition for writ of coram nobis brought pursuant to the All Writs Act is not
23 appropriate for the reasons stated herein.

24 　　　　The court has the power to issue a writ of error coram nobis pursuant to the All
25 Writs Act, 28 U.S.C. § 1651(a).  Matus-Leva v. U.S., 287 F.3d 758, 760 (2002).  Both the
26 Supreme Court and the Ninth Circuit "have long made clear that the writ of error coram nobis is

y
z

a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)).  The Ninth Circuit has developed specific criteria—each of which must be met—for determining the availability of coram nobis relief. A petitioner must demonstrate that:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character.

Hirabayshi v. United States, 828 F.2d 591, 604 (9th Cir. 1987) (emphasis added).

Because petitioner is in custody, he has the "more usual remedy" of seeking relief under 28 U.S.C. § 2255.  Therefore, the undersigned need not determine whether petitioner has met any of the remaining three criteria before denying coram nobis relief.  Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002).  Individuals in custody are "consistently" denied coram nobis relief.  Id. (citing United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969)) ("Coram Nobis is not available, since he is still in custody.").

For all of the above reasons, respondent's motion to dismiss is granted.

Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (Dkt. No. 15) is granted.

DATED: April 1, 2011

                                             KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

ramos.mtd